IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN DALEY,

        Plaintiff,

    v.                            07-cv-0212

NEW SEWICKLEY TOWNSHIP,

and

DALE KRYDER, both in his official capacity as a Supervisor of New Sewickley Township and in his individual capacity,

and

THOMAS SMITH, both in his official capacity as a Supervisor of New Sewickley Township and in his individual capacity

and

JOSEPH GRAFF, both in his official capacity as a Supervisor of New Sewickley Township and in his individual capacity

        Defendants.

## **ORDER OF COURT**

Before the Court is Defendants' Motion for Partial Dismissal (Document No. 22) of plaintiff's claims for punitive damages against the individual defendants and the claims under the First and Fifth Amendments, the Equal Protection Clause, and Pennsylvania's Whistleblower Law, 43 P.S. §1423, (Whistleblower Law) as stated in Plaintiff's Amended Complaint (Document No. 19)

pursuant to Rule 12(b)(6).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). As the United States Court of Appeals for the Third Circuit explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This

simplified notice pleading standard relies on liberal discovery rules . . . to define disputed facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the foregoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of claims seeking punitive damages against the individual defendants and claims asserting violations of the First, Fifth, and Fourteenth Amendment Rights and the Whistleblower Law as stated in the Amended Complaint (Document No. 19). Accordingly,

**AND NOW, this 14th day of May, 2007,** after due consideration of defendant's motion to partially dismiss claims of punitive damages against individual defendants and claims for violations of the First, Fifth, and Fourteenth Amendment, and the Whistleblower Law, plaintiff's response thereto, and the memoranda of law in support and in opposition thereto,

**IT IS HEREBY ORDERED** that said Motion for Partial Dismissal of plaintiff's amended complaint (Document No. 22) **IS DENIED** without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

    s/ Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge

cc:   All Registered ECF Counsel and Parties